**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

EXECUTIVE STRATEGIES CORP.             CIVIL ACTION NO. 20-1067

VERSUS                                 JUDGE ELIZABETH E. FOOTE

SABRE INDUSTRIES INC.                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Now before the Court are Plaintiff's motion for a preliminary injunction and to stay arbitration [Record Document 6] and Defendant's motion to dismiss and to compel arbitration [Record Document 13]. Because these motions address the same issue—whether Plaintiff's claims against Defendant are subject to arbitration—the parties agreed to consolidate briefing on the motions. Record Document 12. The motions are now ripe for review. Because the Court concludes for the reasons stated herein that it lacks the power to determine the arbitrability of Plaintiff's claims, Plaintiff's motion [Record Document 6] is **DENIED**. Defendant's motion [Record Document 13] is **GRANTED in part**.

I.    **Background**

In 2014, Plaintiff, Executive Strategies Corporation ("Executive Strategies"), entered into a contract to promote and sell certain products for Defendant, Sabre Industries Incorporated ("Sabre"). Record Document 1-2 at  ¶ 7. Relevant to the dispute presently before the Court are the contract's arbitration clause and the contract's forum selection clause. The forum selection clause states that:

> This Agreement and the obligations of the parties hereunder shall be interpreted, construed and enforced in accordance with the laws of Louisiana, except for its conflict of laws rules and principles. Any legal action or proceedings with respect to this Agreement shall be initiated in the jurisdiction of the state or federal courts of the State of Louisiana and venued in the State of Louisiana for resolution.

1

Record Document 6-4 at ¶ 12. The arbitration clause states, in relevant part, that:

> The parties agree that any disputes or questions arising during the performance of this Agreement, including any disputes regarding the construction or application of this Agreement, shall be arbitrated in accordance with the rules of the American Arbitration Association then in force. . . .

*Id.* at ¶ 14. This contract, as amended, remained in effect until June 30, 2020, when Executive Strategies terminated the agreement as permitted under the contract. Record Document 1-2 at ¶ 9. According to Executive Strategies, Sabre continues to owe it money pursuant to the contract. *Id.* Sabre disputes this and asserts that it has overpaid Executive Strategies. *Id.* at ¶ 31.

On July 30, 2020, Sabre filed a request with the American Arbitration Association ("AAA") to resolve this dispute. Record Document 6-8. On July 31, 2020, Executive Strategies filed suit in Louisiana state court alleging that Sabre engaged in unfair trade practices, breach of the implied covenant of good faith and fair dealing, breach of contract, and unjust enrichment. Record Document 1-2. Sabre removed the case to this Court. Record Document 1. The next day, Executive Strategies filed a motion for a temporary restraining order, preliminary injunction, permanent injunction, and a motion to stay arbitration. Record Document 6. The Court denied the motion for a temporary restraining order and held a status conference. Record Documents 7 and 12. At the conference, Sabre informed the Court that it intended to file a motion to dismiss and to compel arbitration raising the same issues as those raised in Executive Strategies's motion. Record Document 12 at 2. The parties and the Court agreed that briefing regarding both motions would be combined. *Id.* The Court also ordered that the parties address, among other things, whether the Court or the arbitrator had the power to determine whether the parties' claims are subject to arbitration. *Id.*

The parties have now fully briefed all pending motions. Record Documents 6-1, 13-1, 16, 17, and 18. Executive Strategies contends that the Court, not the arbitrator, has the power to determine the arbitrability of Executive Strategies's claims. Record Document 16 at 9. Executive Strategies argues that the arbitration clause of the contract is not valid because the arbitration clause is in conflict with the forum selection clause, and the forum selection clause displaces the arbitration clause in this case. *Id.* at 13-18. It also maintains that even if the arbitration clause is valid and enforceable, it only applies to claims "arising during the performance of the Agreement" and the contract was terminated prior to the initiation of the current dispute. *Id.* at 19-20.

In contrast, Sabre argues that the language of the contract's arbitration clause gives an arbitrator, not the Court, the power to determine the arbitrability of the claims at issue. Record Document 13-1 at 12. It contends that consequently the only issues the Court need determine are whether the contract contains a valid arbitration provision and whether that provision contains a delegation clause. *Id.* at 13. Sabre answers both of those questions in the affirmative. First, it refutes Executive Strategies's claim that the arbitration clause is displaced by the forum selection clause because both clauses can be read in harmony and no other equitable principles invalidate it. *Id.* at 14-18. Second, the arbitration clause's inclusion of "construction or application" language and its incorporation of the AAA rules amount to a clear delegation clause. *Id.* at 18-19. Sabre also argues that even if the Court can determine arbitrability, federal law favors arbitration and Executive Strategies cannot meet its burden of showing that its claims fall outside the scope of the arbitration clause. *Id.* at 19-24.

## II.    Law and Analysis

The Federal Arbitration Act ("FAA") "reflects the fundamental principle that arbitration is a matter of contract" and "places arbitration agreements on an equal footing with other contracts."

*Rent-A-Center, W., Inc., v. Jackson*, 561 U.S. 63, 67 (2010) (citing 9 U.S.C. § 2). The FAA contains

two provisions through which a party may enforce an arbitration agreement in federal court. *Id.* at

68. Section 3 allows a party to apply to a federal court for the stay of a trial of an action "upon any

issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3.

Section 4 allows a party "'aggrieved' by the failure of another party 'to arbitrate under a written

agreement for arbitration' [to] petition a federal court 'for an order directing that such arbitration

proceed in the manner provided for in such an agreement'" and a "court 'shall' order arbitration

upon being 'satisfied that the making of the agreement for arbitration or the failure to comply

therewith is not in issue.'" *Rent-A-Center, W., Inc.*, 561 U.S. at 68 (quoting 9 U.S.C. § 4).

In considering a motion to compel arbitration, a court's inquiry is limited. First, a court

should determine whether the parties entered into an arbitration agreement. *Kubala v. Supreme

Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Second, a court should determine whether the

particular claim at issue is covered by the arbitration agreement. *Id.* This inquiry changes when the

arbitration agreement contains a delegation clause "giving the arbitrator the primary power to rule

on the arbitrability of a specific claim," however. *Id.*  In those instances, a court lacks the power to

determine whether a specific claim is subject to arbitration, and the relevant inquiry instead

becomes 1) whether the parties have entered into a valid arbitration agreement and 2) "whether the

purported delegation clause is in fact a delegation clause." *Id.* at 201-02. If the court finds that there

is a delegation clause—"that is, [a clause which] evinces an intent to have the arbitrator decide

whether a given claim must be arbitrated"—the court should grant the motion to compel "in almost

all cases." *Id.* at 202.

Here, Sabre argues that there is a valid arbitration agreement and that this agreement

contains a delegation clause. Therefore, the Court will first consider whether the parties have

entered into a valid agreement to arbitrate. If they have, the Court will consider whether the agreement contains a delegation clause granting an arbitrator, and not the Court, the power to determine which claims are subject to arbitration.

### A.  Validity of the Arbitration Agreement

The parties agree that their contract, overall, is a valid contract but they disagree as to whether the arbitration clause is valid and enforceable. According to Executive Strategies, the arbitration agreement is in conflict with the forum selection clause. Record Document 6-1 at 5-6. It argues that this conflict, combined with the rule of contract interpretation that any doubt should be interpreted against the party who drafted contract, here Sabre, requires that the Court find that the forum selection clause controls. *Id.* at 6. Executive Strategies also argues that the language of the forum selection clause evidences an intent that a court adjudicate the merits of its claim. Record Document 16 at 15. Sabre responds by noting that Louisiana law, which applies here, strongly favors arbitration and giving effect to all provisions of a contract. Record Document 13-1 at 14-15. Sabre argues that both the forum selection clause and the arbitration clause can be read in harmony so both are valid. Id. at 15-16.

Whether or not the parties have entered into a valid arbitration agreement is a matter of state contract law, and thus the strong federal policy favoring arbitration does not apply to the determination of whether the parties entered a valid agreement to arbitrate. *Kubala*, 830 F.3d at 202; *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013). Nevertheless, Louisiana law, which the parties agree applies in this case, has adopted the federal policy in favor of arbitration and has held that courts "should decide the question of construction in favor of arbitration." *Aguillard v. Auction Mgmt. Corp.*, 04-2804 (La. 6/29/05); 908 So. 2d 1, 18. Louisiana law directs that "[e]ach provision in a contract must be interpreted in light of the other provisions so that each

is given the meaning suggested by the contract as a whole." La Civ. Code art. 2050. If a contract

provision "is susceptible to different meanings," it "must be interpreted with a meaning that renders

the provision effective, and not with one that renders it ineffective." *Clovelly Oil Co., LLC v.*

*Midstates Petroleum Co., LLC*, 12-2055 (La. 3/19/13); 112 So. 2d 187, 192 (citing La. Civ. Code

art. 2049).

To show that the arbitration clause and forum selection clause can be read in harmony in

this case, Sabre directs the Court's attention to two cases where the Fifth Circuit was tasked with

determining whether a forum selection clause and an arbitration clause were in conflict.[1] Executive

Strategies disputes how these cases should be applied to its contract. First, in *Sharpe v. AmeriPlan*

*Corporation*, the Fifth Circuit analyzed two contracts containing different forum selection clauses

but the same arbitration clause. *Sharpe*, 769 F.3d 909 (5th Cir. 2014). One forum selection clause

simply stated that "[a]ny action brought on matters relating to this Agreement shall be maintained

in Dallas, Dallas County, Texas." *Id.* at 913. The other forum selection clause was much more

extensive and was described by the court as a "two-tiered approach to resolving claims." *Id.* at 916.

This clause stated first that the parties agreed to submit "any claim, controversy or dispute arising

out of or relating to this agreement" to non-binding mediation. *Id.* at 912-13. Next, if mediation

failed, "any claims, controversies or disputes" were submitted to "the non-exclusive jurisdiction"

of the Dallas state and federal courts. *Id.* at 13. The arbitration clause applicable to both contracts

stated that "[a]ny issue, dispute, claim or controversy" against a variety of individuals connected

---

[1] In both cases the court was applying Texas contract law. *Sharpe v. AmeriPlan Corp.*, 769 F.3d
909, 915 (5th Cir. 2014); *Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 395 (5th Cir.
2002). The analysis is still applicable to this case because Texas law also requires that a contract be
read in such a way that all provisions are given effect. *Sharpe*, 769 F.3d at 915.

with a company "arising out of or relating to the Policies and Procedures Manual then in effect" are subject to binding arbitration. *Id.*

The *Sharpe* court concluded that the simple forum selection clause could be read in harmony with the arbitration clause because the forum selection clause required nothing more than that any lawsuit which was filed be filed in a certain court. *Id.* at 916. The court found that there was no conflict between a clause saying where any lawsuits should be filed and an arbitration clause saying that all disputes arising out of an agreement are subject to arbitration because lawsuits not subject to the arbitration clause may precede or follow arbitration. *Id.* In contrast, the more extensive forum selection clause could not be read in harmony with the arbitration clause because the extensive forum selection clause set up a system whereby any claim, save a few specifically exempted categories, would be subject to non-binding mediation before initiating litigation in a certain court. *Id.* at 916-17. Further, and most important to the instant case, the categories of claims listed as subject to the arbitration clause were nearly identical to those listed in the forum selection clause. *Id.* at 917. This meant that the same claims may be governed by both clauses and it was impossible to give effect to the arbitration agreement without rendering the forum selection clause meaningless. *Id.* at 917-18.

In *Personal Security & Safety Systems Inc. v. Motorola Inc.*, the Fifth Circuit considered whether a forum selection clause stating that "[a]ny suit or proceeding brought hereunder shall be subject to the exclusive jurisdiction of the courts located in Texas" was in conflict with an arbitration clause which required arbitration for "all claims related to the overall transaction."[2] *Pers.*

---

[2] The exact arbitration clause language stated that:
> [T]he parties hereby agree to resolve by binding arbitration any and all claims, demands, actions, disputes, controversies, damages, losses, liabilities, judgments, payments of interest, penalties, enforcement of settlement agreements, deficiencies, any and all demands not yet matured into the foregoing, and other matters in

*Sec. & Safety Sys. Inc.*, 297 F.3d 388, 395 (5th Cir. 2002). The court held that there was not a conflict because when read together, these clauses mean that "the parties must litigate in Texas courts only those disputes that are not subject to arbitration—for example, a suit to challenge the validity or application of the arbitration clause or an action to enforce an arbitration award." *Id.* at 395-96. The court reached this result by relying on the fact that the forum selection clause conferred exclusive jurisdiction to the court only for "any suit or proceeding" while the arbitration clause was broader in scope and applied to all "disputes" or "claims." *Id.* at 396.

Like the agreement involving the simple forum selection clause in *Sharpe* and the contract in *Personal Security & Safety Systems Inc.*, the clauses in the parties' contract are not in conflict. The forum selection clause states that "[a]ny *legal action or proceedings* with respect to this Agreement shall be initiated in the jurisdiction of the state or federal courts of the State of Louisiana and venued in the State of Louisiana for resolution." Record Document 6-4 at ¶ 12 (emphasis added). The arbitration clause requires that "any *disputes or questions* arising during the performance of" the contract must be arbitrated. *Id.* at ¶ 14 (emphasis added). Notably, the scope of each clauses differs—the arbitration clause applies to *disputes* arising during the performance of the contract while the forum selection clause applies to any *legal actions*. Thus, just like in *Personal Security & Safety Systems Inc.*, the differing scope "suggests that the parties intended the [forum selection clause] to apply only in the event of a non-arbitrable dispute that must be litigated in court." *Pers. Sec. & Safety Sys. Inc.*, 297 F.3d at 396.

---

question arising out of or relating to this Agreement (all of which are referred to as "Claims"), even though some or all of such Claims allegedly are extra-contractual in nature and even though some or all of such Claims sound in contract, tort or otherwise, at law or in equity, in accordance with Commercial Arbitration Rules . . . of the American Arbitration Association. . . .
*Pers. Sec. & Safety Sys. Inc..,* 297 F.3d at 392–93.

Executive Strategies seeks to avoid this result by arguing that the forum selection clause in this case is more similar to the extensive forum selection clause in *Sharpe* because it "requires that any *dispute* be 'initiated' in this Court's jurisdiction and venued for 'resolution.'" Record Document 16 at 15 (emphasis added). This is unpersuasive. First, the forum selection clause does not require that "any dispute" be initiated in this Court's jurisdiction; it requires that "any legal action or proceedings" be initiated in this Court's jurisdiction. This is a meaningful distinction because it goes to the scope of what is included in each clause. Second, Executive Strategies's focus on the term "resolution" is unpersuasive because while it may be correct that this phrase shows an intent for the Court to adjudicate the merits of a claim, this only applies to those claims within the scope of the forum selection clause. Stated differently, when read together, the contract requires that the parties arbitrate disputes arising during the performance of the contract, and any claims falling outside of that description should be litigated by initiating and resolving a suit in a Louisiana court. Thus, the provisions are not inherently contradictory, and the arbitration clause is valid.

Section 2 of the FAA states that an arbitration clause is enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Relying on this language, Executive Strategies argues that even if the arbitration clause is not invalidated because it is in conflict with the forum selection clause, it is inequitable to enforce the arbitration clause. Record Documents 6-1 at 7 and 16 at 13, n.33. It fails to raise any grounds for this argument besides noting the costs of arbitration and that it would "lose the benefit of adjudicating its claim(s) with this Honorable Court in accordance with the deadlines set forth by Federal law." Record Document 6-1 at 7. Given that Louisiana law favors arbitration, these arguments are unconvincing. Therefore, the arbitration clause is valid and enforceable, and the Court must proceed to the second inquiry—

whether the arbitration clause contains a delegation clause which gives the arbitrator, and not this Court, the power to determine which claims are subject to arbitration.

### B. The Delegation Clause

The parties' arbitration clause requires that "any disputes or questions arising during the performance of this Agreement, including any disputes regarding the construction or application of this Agreement, shall be arbitrated in accordance with the rules of the American Arbitration Association then in force." Record Document 6-4 at ¶ 14. According to Sabre, the "construction or application" language and the invocation of the AAA Rules "clearly delegates the question of arbitrability to an arbitrator" under Fifth Circuit precedent. Record Document 13-1 at 18. Executive Strategies argues that delegation clauses are a narrow exception to the rule that courts determine the arbitrability of claims and that this agreement does not fit within the narrow exception because the contract does not "clearly and unmistakably" delegate the issue or arbitrability to the arbitrator. Record Document 16 at 11.

As a general rule, courts are tasked with determining whether a particular claim is subject to a contract's arbitration clause. *Halliburton Energy Servs., Inc., v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 537 (5th Cir. 2019). However, the FAA requires courts to "interpret the contract as written" so if "the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract" and the "court possesses no power to decide the arbitrability issue." *Henry Schein, Inc., v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). In order to conclude that the parties agreed to submit the arbitrability question to an arbitrator, the parties' agreement must "do so by 'clear and unmistakable' evidence." *Id.* at 530 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (alterations omitted)). Incorporating the AAA Rules into an arbitration agreement is generally clear and unmistakable evidence of a delegation clause. *Arnold*

10

*v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018); *Petrofac, Inc., v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 761, 675 (5th Cir. 2012). Parties can also show clear and unmistakable evidence of a delegation clause by "crafting a broad delegation clause." *Halliburton Energy Servs., Inc.*, 921 F.3d at 538. For example, a clause stating that "[a]ny controversy between the Parties . . . related to this [Master Services Agreement] involving the construction or application of any of the terms, covenants, or conditions" is sufficient. *Id.*

Here, the parties' arbitration clause incorporates the AAA Rules and, therefore, contains clear and unmistakable evidence that the parties intended that the arbitrator will decide the issue of arbitrability. Executive Strategies attempts to side-step the straightforward application of this rule by distinguishing the cases applying this rule based on the fact that the contracts at issue did not have a forum selection clause or, if they did, the courts did not address these clauses. Record Documents 16 at 12, n.28 and 18 at 3-4. It also argues that the delegation clause has no effect because it is part of the arbitration clause which is voided by the forum selection clause. Record Document 16 at 12, n.28. As an initial matter, the Court has already rejected the argument that the arbitration clause is voided by the forum clause, and thus this argument is unpersuasive. Further, the existence of the forum selection clause does not change the interpretation of the arbitration clause because, as the Court held earlier, that part of the forum selection clause applies only to those claims which the parties did not agree to arbitrate, and the language of the contract shows their intent to delegate the threshold arbitrability issue to an arbiter. Hence, this Court is without power to determine which claims are subject to mandatory arbitration and which claims are not, and Sabre's motion to compel arbitration [Record Document 13] is **GRANTED**.

### III.    Dismissal

Sabre's motion prays that the Court dismiss Executive Strategies's claim because "the parties have agreed to arbitrate all disputes." Record Document 13 at ¶ 8. Section 3 of the FAA instructs that when entering an order to compel arbitration, a court should stay its case until the parties have completed arbitration as required by their agreement. 9 U.S.C. § 3. In the Fifth Circuit, a court may dismiss the case instead when all of the claims are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164-65 (5th Cir. 1992). In this case, the Court has not concluded that all claims are subject to arbitration, only that the arbitrator must decide which claims are subject to arbitration. Hence, dismissal is inappropriate, and a stay is proper.

### IV.    Conclusion

For the aforementioned reasons, Defendant's [Record Document 13] motion to dismiss and to compel arbitration is **GRANTED in part**. The parties are **ORDERED** to submit their claims to the currently pending arbitration. However, dismissal of this action is not warranted. The Clerk of Court is **ORDERED** to **STAY** this action while the parties proceed with arbitration. Plaintiff's motion for a preliminary injunction and to stay arbitration [Record Document 6] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this __7th__ day of December, 2020.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE